HORSEY v. CONSUMERS' AUTO SUPPLY CO. et al.

(Circuit Court of Appeals, Third Circuit. February 4, 1913.)

No. 1,661.

PATENTS (§ 328*)—PRIOR USE—PATCH FOR RUBBER TIRES.

> The Tingley patent, No. 787,010, for a patch for rubber tires, is void for prior use of the device by others.

Appeal from the District Court of the United States for the Western District of Pennsylvania; James S. Young, Judge.

Suit in equity by Edgar T. Horsey against the Consumers' Auto Supply Company and others. Decree for defendants, and complainant appeals. Affirmed.

Frederick W. Winter, of Pittsburgh, Pa. (Arthur J. Hudson and Thurston & Kwis, all of Cleveland, Ohio, of counsel), for appellant.

Paul Synnestvedt, of Pittsburgh, Pa. (J. C. Bradley, of Pittsburgh, Pa., and Harvey L. Lechner, of Philadelphia, Pa., of counsel), for appellees.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

J. B. McPHERSON, Circuit Judge. The nature of this controversy will appear from Judge Young's opinion:

"The bill was filed in this case against the defendants alleging the infringement of letters patent No. 787,010, obtained by C. O. Tingley, dated April 11, 1905, and subsequently assigned to Edgar T. Horsey, the complainant, and now comes before us upon bill, answer, replication, and proofs. The claims of the patent in suit are two:

"'1. As an article of manufacture, a rubber patch of ordinary vulcanized material, and a reinforce $C$ of raw rubber, and a protection $D$ of easily-removable material, adapted to serve substantially as herein specified.

"'2. As a patch for rubber tires and analogous articles of vulcanized rubber, a plug $A$ having a head $B$ of vulcanized rubber, a reinforce $C$ of raw rubber, and a protection $D$ of easily-removable material, adapted to serve substantially as herein specified.'

"These claims are very simple. The first consists of three elements: A layer of vulcanized material; a layer of raw rubber; the raw rubber covered by some material as a protection until used. The second claim is the first claim identically, except that a vulcanized plug is used projecting from the raw rubber of the patch.

"The defenses are prior patents and prior use. The prior patents are Tillinghast, No. 516,691, March 20, 1894; Kenyon, No. 581,235, April 20, 1897; Bancroft, No. 622,436, April 4, 1899. These patents all show the patch consisting of two layers, one of vulcanized rubber and the other of raw rubber. Two of them, the Tillinghast and the Kenyon, show a flexible rubber stem. These patents clearly anticipate the patent in suit in every element except that described in the claims as 'a protection $D$ of easily-removable material.' This protection is used for the purpose of preventing the raw rubber surfaces from adhering to each other in shipment and before use. The placing of some nonadhesive substance over the raw rubber does not in our opinion show any inventive genius, but even if it did it was clearly anticipated by the Mullett patent, No. 208,484, October 1, 1878, which provided for the placing of layers of tin foil between unvulcanized sheets

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of rubber when preparing them for shipment. Clearly, then, the patent in suit was anticipated by the prior patents presented.

"The defense of prior use is established by the evidence introduced by defendants and represented by defendants' exhibit 'Goodrich Factory, Combination Repair Sheet,' and manufactured and used by the Goodrich Factory since 1901. This shows a sheet of rubber material consisting of a layer of vulcanized rubber and a layer of unvulcanized rubber and a nonadhesive fabric laid over the unvulcanized rubber. The evidence of the defendants shows conclusively that this was manufactured and sold as early as 1901 and during the subsequent years prior to the Tingley patent. This was clearly an anticipation by use of the Tingley patent."

Accordingly, the bill was dismissed "for lack of equity," which evidently means because the patent was void.

We do not find it necessary to discuss the prior art; the defense of prior use has been satisfactorily established. All the evidence on this subject has been carefully examined in the light of the well-known cautionary rules of decision (whose latest application in this court is Sarfert Co. v. Chipman, 194 Fed. 116, 114 C. C. A. 191), and the result is that we agree with what we understand to be the finding of the district judge. There is no such exhibit as "Goodrich Factory, Combination Repair Sheet." That phrase may be intended to combine the descriptions of two exhibits; but we suppose it to refer to the exhibit that is described indifferently by the witnesses as "Combination Repair Sheet" or "Repair Material." So understanding it, we are of the same opinion; it has been proved, we think, that the so-called Repair Sheet or Repair Material (not the Factory Sheet, which is a different article and may be laid aside without comment) was publicly used and sold for more than two years before the patent in suit was applied for. The two claims are therefore invalid, and the plaintiff's bill was properly dismissed.

The decree is affirmed.